(34 Misc. Rep. 285.)

FRIEDLANDER v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court, Special Term, New York County. March, 1901.)

INSURANCE—PAYMENT OF PREMIUMS—INJUNCTION.
    Where an action was brought to test the validity of a new by-law of an assessment insurance company imposing a lien on its policies to pay death losses and to create a reserve fund, and such amendment will not affect the amount of plaintiff's assessments immediately, nor until after his policies have become payable by his death, the company will not be enjoined, on his failure to pay his assessments, from declaring his policies void for nonpayment.

Action by Oscar O. Friedlander against the Mutual Reserve Fund Life Association. Motion for an injunction. Denied.

David J. Gallert, for the motion.
George Burnham, Jr., opposed.

SCOTT, J. The defendant is what is known as an assessment or co-operative life insurance company. The plaintiff is the holder of two policies of insurance issued by defendant,—one dated in 1887, in favor of his children; and the other dated in 1888, in favor of his wife,—both being payable to the respective beneficiaries named therein after plaintiff's death. The policies are not submitted on this motion, but the affidavits presented set forth enough of their terms to enable the court to pass upon the question presented. The plaintiff states that the considerations on his part for the obligation assumed by the defendant were that he should pay an admission fee and dues for expenses and mortuary assessments within 30 days after the first week day in February, April, June, August, October, and December, and from such other periods as the board of directors might determine. It appears that the plaintiff has made all the payments required of him, except the assessment levied by the board of managers in February, 1901, and which, by the terms of his contract, he had agreed to pay within 30 days after such levy. Under the by-laws of the defendant, which are to be read into and form a part of the contract of insurance, a failure to pay an assessment within the time specified forfeits the membership of the assured in the defendant corporation, and all his rights thereunder, and his policy or certificate of membership becomes null and void. At a meeting of the defendant corporation held in January, 1901, an amendment to the constitution or by-laws was adopted, providing, among other things, that, as to a certain class of policy holders, of which the plaintiff is one, a lien should be charged against the policy or the insurance se-

·cured thereby to an amount said to be equal to the difference which the policy holder had actually paid as assessments or premiums and another sum which it seems to have been considered the said policy holder ought to have paid· in order to meet death losses, and at the same time accumulate a proper reserve fund.   The amount thus charged as a lien upon said insurance might be paid at once by the assured, or might be deducted from the amount payable upon the policies when they became due, or might perhaps, in certain contingencies, be reduced or wholly canceled during the lifetime of the policy. It appears that the amendment met with the approval of the officers and directors of the defendant and of a great number of its policy holders.   The plaintiff, feeling aggrieved by the adoption of the amendment, and deeming it to be unjust and unlawful, commenced this action to have its illegality judicially determined.   It is not necessary upon this motion to state more exactly than has already been done the nature or effect of the amendment, or to pass any judgment upon its validity.   There have been presented on the part of the defendant its answer to the action and the affidavit of its actuary, which show, at all events, that the amendment was not adopted capriciously, or with intent to injure the plaintiff and other policy holders of his class.   On March 4, 1901, there became due and payable on both ·of the policies held by the plaintiff an assessment levied in the preceding February.   On that day the plaintiff sent his bookkeeper to the defendant to tender the amount of the assessments then due "upon condition that the defendant cancel said alleged liens and observe and live up to its contract," and the tender was made by the bookkeeper, coupled with the condition.   The defendant refused to accede to the condition, and the assessments were not paid.   On the same day the plaintiff obtained the order to show cause upon which this motion comes on, whereby he asks that the defendant be enjoined during the pendency of this action from declaring his policies void, and from in any way treating said policies in any way whatso-·ever differently from other policies of the same kind and class on which all dues and assessments have been paid, and from depriving him of any of his rights and privileges he has hitherto enjoyed as a member of defendant.   I am clearly of the opinion that this motion cannot prevail.   It is an essential part of the contract between the defendant and its policy holders that the latter shall pay their assessments.   If the defendant can refuse to pay his assessments when due, or defer their payment to the somewhat uncertain time when this action may be finally determined, every other policy holder has an equal right to do so; and if all the policy holders, or any considerable proportion of ·them, should elect to adopt such a course, the defendant association would speedily find itself compelled to suspend its business.   The tender made by the plaintiff, coupled as it was with the condition above quoted from plaintiff's affidavit, can be considered in no possible sense an equivalent to payment of the assessments, or an effectual tender thereof.   The plaintiff is, therefore, in the same position as if he had refused or willfully neglected to pay his assessments when they became due under the conditions of his contracts. ·The defendant is, therefore, entitled, under the terms of the contracts,

to treat the policies as canceled, unless the fact of the pendency of the present action justifies the plaintiff in his refusal to pay his assessments. I can see no foundation for a claim that it so justifies him. It appears that the amendment of which he complains does not increase the assessment he is called upon to pay, and that, if it ever operates to reduce the amount payable under the policies below what would be payable thereon if the amendment had not been adopted, that result will not occur until the policies become payable after the plaintiff's death. It is suggested in the brief submitted on behalf of the plaintiff that payment of the assessments might be construed as acquiescence on his part in the amendment, and thus defeat his present action. No authorities are cited in support of this proposition, and no serious argument is made to establish it. It seems to me to be wholly without weight. The amendment does not affect, and has nothing whatever to do with, the payment of assessments. If the payment of an assessment can be taken as an admission at all, it certainly can go no further than to admit that the person paying is a member of the association, and amenable to all lawful by-laws properly adopted. It certainly cannot commit him to a by-law if it be, as the plaintiff alleges, illegal and void. It was essential to the maintenance of his action that plaintiff should remain a member of the association, and it was essential to the retention of his membership that he should pay his assessments. If, by his refusal so to do, he has forfeited his membership, the misfortune results from his own deliberate action. The motion must be denied, with $10 costs.

Motion denied, with $10 costs.